Opinion by

O’Neall, J.
The ground in arrest of judgment cannot avail the defendant, for it was admitted on the argument, that two of the counts in the declaration were, beyond all doubt, good. Where some of the counts are good, and some bad, the verdict is referred to, and stands upon the good counts. Neall vs. Lewis, 2 Bay. 204.
The ground for non-suit is equally unavailing. The defendant, according to some of the proof, said that “ the plaintiff swore a lie” in the case of Bogan vs. Summer. To one of the witnesses he said this was done to injure him. To others he pointed to the particular evidence, the difference between him and Grice, in their testimony in the same case. In more than one of these conversations, he said Herndon said, in open Court, Grice or Palmer swore a lie, and there, pointing to Palmer, is the scoundrel. The proof was clear, that Palmer was examined as a witness for the defendant, Sumner, in a case in the Court of common pleas for Union district, between M. B. Bogan, plaintiff, and Mill Sumner, defendant. On this testimony, I refused to non-suit the plaintiff, and I still think that I was right, and in that opinion my brethren concur. Let it be conceded, that in the declaration should be stated, not only the colloquium about the suit, and that the plaintiff was examined as a witness, and about his evidence given on the trial, but that it should also be alleged, that such evidence was on a point material to the issue, and that the defendant, speaking of and concerning it, uttered and published the words. All this is done in the declaration, and the only question is, was the materiality shewn I We all think it was abundantly shewn by the facts, 1st; that the witness was examined in defence of a case, in the Court of common pleas: 2d, that Hie defendant said the testimony was falsely given to injure him. 3d, that the defendant, here, (the plaintiff here,) contradicted the plaintiff’s testimony by examining Grice. 4th, that a lawyer, learned in the law, (according to the defendant’s account,) should have commented on tire difference between Grice’s and Palmer’s testimony, and used the harsh expression that Grice or Palmer swore alie, and there, pointing to Palmer, is the scoundrel. These four circumstances abundantly prove the materiality of the alleged false swearing, which is all that the defendant’s counsel demanded, and I am not disposed to follow him an inch beyond the point necessary to be decided. The Court are satisfied with the charge to the jury. We are also satisfied that the Judge below exercised a proper discretion, in excusing the foreman of the jury, Mr. Sims, and in ordering the case on. The motions in arrest of judgment, for non-suit and new trial, are dismissed.
JOHN BELTON O’NEALL.
We concur. Richard Gantt, Josiah J. Evans, B, J. Earle, A. P, Butler.